```
                IN THE UNITED STATES DISTRICT COURT
             FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

**STACEY HAMLETT,**

       **Plaintiff,**

  **v.**                      **CRIMINAL NO. 1:08CV116**
                                        **(Judge Keeley)**

**LES NICHOLSON, WAYNE PHILLIPS,**
**J.G. EXPARAZA, LEWIS BRESCOACH,**
**and MARTA BLANCO,**

       **Defendants.**

## ORDER ADOPTING REPORT AND RECOMMENDATION

On May 22, 2008, the pro se plaintiff, Stacey Hamlett ("Hamlett"), a prisoner at the Federal Correctional Institution in Morgantown, West Virginia ("FCI-Morgantown"), filed a civil rights complaint pursuant to Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971). In that Complaint, Hamlett alleges that the defendants violated his Eighth Amendment right to be free of cruel and unusual punishment by acting with deliberate indifference to his serious medical condition. Pursuant to Local Rule of Prisoner Litigation 83.02, United States Magistrate Judge John S. Kaull conducted an initial review and recommendation.

On June 18, 2008, Magistrate Judge Kaull entered a Report and Recommendation ("R&R"), recommending that the Court dismiss the Complaint as frivolous under 28 U.S.C. §§ 1915(a) and 1915A, for

failure to state a claim upon which relief may be granted. Hamlett timely filed objections on July 16, 2008. Accordingly, the Court now reviews those objections de novo.

## I.  BACKGROUND

In June 2007, Hamlett complained of a persistent pain in his mouth, which was discovered to be a decayed tooth and loose filling. On August 8, 2007, Hamlett was taken to see defendant Dr. Les Nicholson, a dentist, who extracted the decayed tooth. After removing it, Nicholson realized the root tips were still attached and could not be safely removed due to their proximity to Hamlett's sinus cavity. He therefore completed the procedure without removing the root tips.

Following this procedure, Hamlett suffered serious on-going pain in his face and head. He had headaches, trouble sleeping, and trouble swallowing. Through the summer of 2007, he made repeated visits to the prison "medical sick call," where he was seen by defendant Marta Blanco, a physician's assistant, and given a variety of pain killers and antibiotics. He additionally submitted an administrative request for oral surgery, which was denied by a panel that included defendant Lewis Brescoach, the Health Services Administrator, as well as Blanco.

On September 14, 2007, Hamlett reported yet again to the sick call, complaining of extreme chills, diarrhea and vomiting. He was then admitted to Ruby Memorial Hospital in Morgantown, West Virginia, where he was placed on intravenous antibiotics and other drugs, and instructed to have follow-up with the dental clinic on Monday, September 17, 2007. Apparently, Hamlett was not taken to the September 17, 2007 appointment but instead underwent oral surgery on October 3, 2007 at an outside institution, at which time the roots were removed. Thereafter, on October 10, 2007, Hamlett again reported excruciating pain in his sinuses, breathing problems, swelling of the gums, as well as problems eating. He was again given an antibiotic by defendant Blanco.

## II.  ANALYSIS OF R&R AND OBJECTIONS

### A. Defendants Phillips and Esparza

In the R&R, Magistrate Judge Kaull first determined that Hamlett could not prove liability against defendants Wayne Phillips ("Phillips") and J.G. Esparza ("Esparza") because Phillips and Esparza were sued in their official capacities as the Warden and Associate Warden of FCI-Morgantown, respectively. As the Magistrate Judge correctly found, <u>Bivens</u> permits suits against government agents acting in their individual, not official, capacities.  <u>See</u> <u>Doe v. Chao</u>, 306 F.3d 170, 184 (4th Cir.

2002)("[A] Bivens action does not lie against either agencies or officials in their official capacity.").

Hamlett, however, does not allege any personal involvement in the alleged constitutional violation by Esparza or Phillips, except to the extent that Phillips, as Warden, was ultimately responsible for reviewing his administrative appeal seeking oral surgery. As Magistrate Judge Kaull found, however, this is not the type of personal involvement required to state a Bivens claim. See Paige v. Kupec, 2003 WL 23274357 *1 (D. Md. March 31, 2003) (stating that, in the context of a § 1983 action, a failure to supervise gives rise to a cause of action only where there is a history of widespread abuse).

Although he objected to this recommendation, Hamlett provided no new information indicating that either Phillips or Esparza was involved in the alleged constitutional violation in any capacity other then as the officials charged with reviewing administrative requests. Accordingly, the Court adopts the Magistrate Judge's R&R of this aspect of the case.

**B.   Defendants Nicholson, Brescoach and Blanco**

Magistrate Judge Kaull additionally found that Hamlett failed to state a claim against defendants Les Nicholson ("Nicholson"), Lewis Brescoach ("Brescoach") and Marta Blanco ("Blanco"). He

4

correctly applied the standard for claims of ineffective medical treatment under the Eighth Amendment and found that Hamlett had failed to show these defendants had acted with deliberate indifference to his serious medical needs.

According to Magistrate Judge Kaull, each time that Hamlett alleges he sought medical assistance he was evaluated, treated and advised about follow-up care and appointments. Although in his objections Hamlett asserts that these defendants ignored his serious medical needs, he has failed to show that any of their treatment or decisions about treatment were "so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." Miltier v. Beorn, 896 F.2d 848, 851 (4th Cir. 1990).

With regard to Nicholson, the Magistrate Judge concluded that, at worst, he was negligent in reviewing Hamlett's x-rays before beginning the tooth extraction. Medical negligence, however, does not rise to the level of a constitutional violation. Estelle v. Gamble, 429 U.S. 97, 106 (1976).

Finally, Hamlett argues in his objections that both Blanco and Brescoach acted with deliberate indifference to his serious medical needs when as part of a committee reviewing administrative requests, they denied his request for oral surgery on August 16,

2007. Once again, however, Hamlett has failed sufficiently to allege evidence of deliberate indifference, especially given that he was being treated for his condition at the time with antibiotics and pain medication, and given that he then underwent oral surgery several months later. Thus, the Court adopts the Magistrate Judge's R&R as to these defendants as well.

### III.  CONCLUSION

The Court **ADOPTS** the R&R in its entirety (dkt. no. 9) and **DISMISSES** the case **WITH PREJUDICE** from the Court's docket.

It is so **ORDERED.**

The Court directs the Clerk to mail a copy of this Order to the pro se plaintiff, certified mail, return receipt requested.

Dated: February 2, 2009.

> /s/ Irene M. Keeley
> IRENE M. KEELEY
> UNITED STATES DISTRICT JUDGE